Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PLANNED PARENTHOOD OF THE GREAT NORTHWEST AND THE HAWAIIAN ISLANDS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEX M. AZAR II, in his official capacity as Secretary of the United States Department of Health and Human Services; and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Defendants. | No. 2:18-cv-01627-JCC <br><br> [~~PROPOSED~~] TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION |

Plaintiff Planned Parenthood of the Great Northwest and Hawaiian Islands ("PPGNHI" or "Plaintiff") has moved for an order temporarily restraining and/or preliminarily enjoining Defendants U.S. Department of Health and Human Services and Secretary Alex M. Azar II ("HHS" or "Defendants"), their employees, agents and successors, and all others acting in concert or participating with it, from publicly disclosing PPGNHI's most recent and successful competitive application for Title X funds (the "Confidential Records"). The Court, having

[PROPOSED] TEMPORARY RESTRAINING
ORDER - 1
Cause No. 2:18-cv-01627
90002 00109 hk08ec53kv

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

considered the pleadings, legal authority, and argument presented in support of Plaintiff's Motion, as well as the declarations submitted with that Motion, has found and concluded, for the specific reasons required under Federal Rule of Civil Procedure 65, that Plaintiff has shown (1) a likelihood of success on the merits, (2) that it will suffer irreparable harm if a temporary restraining order is not issued, and (3) that the balance of harms and the public interest weigh in favor of granting the temporary restraining order.

Specifically, the Court finds that Plaintiff has established a substantial likelihood of success on the merits of its claim that Defendants' decision to proactively disclose the Confidential Records violates the Administrative Procedure Act both because the decision is arbitrary and capricious and because it is contrary to law. An agency action is "arbitrary and capricious" when:

> [T]he agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Here, HHS' decision is arbitrary and capricious because the agency failed to offer a reasoned explanation for its decision and failed to consider PPGNHI's arguments that the Confidential Records should not be disclosed. The decision is contrary to law because releasing the Confidential Records would violate Exemption Four of FOIA and the Trade Secrets Act. 18 U.S.C. § 1905; *see Pac. Architects & Engineers Inc. v. U.S. Dep't of State*, 906 F.2d 1345, 1347 (9th Cir. 1990) (observing that FOIA Exemption Four and the Trade Secrets Act are coextensive and bar release of qualifying material and the "agency does not have discretion to release it" under FOIA).

[PROPOSED] TEMPORARY RESTRAINING
ORDER - 2
Cause No. 2:18-cv-01627
90002 00109 hk08ec53kv

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

In addition, on November 9, 2018, in the absence of a temporary restraining order, PPGNHI, along with its patients, will suffer immediate and irreparable injury. Disclosure would immediately and irreparably injure PPGNHI because no relief could remediate its competitors from obtaining the Confidential Records and using the information to compete against PPGNHI for Title X funds or other grants in Hawaii and elsewhere, including the other states in which PPGNHI competes for Title X grants. Loss of funding, as a result, would harm PPGNHI's patients, who rely on PPGNHI for essential health care.

While PPGNHI and its patients will suffer serious, irreparable injury in the absence of relief, Defendants will suffer no injury at all from the preservation of the status quo while the litigation proceeds. Finally, the public interest weighs in favor of granting a temporary restraining order and/or preliminary injunction because the public interest favors applying federal law correctly. *See Small v. Avanti Health Systems, LLC*, 661 F.3d 1180, 1197 (9th Cir. 2011). Furthermore, because FOIA bars public disclosure here, there is no FOIA public interest in disclosure of the Confidential Records.

THEREFORE, it is hereby ORDERED that the motion is GRANTED and Defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, are TEMPORARILY RESTRAINED and/or PRELIMINARILY ENJOINED from publicly disclosing PPGNHI's most recent and successful competitive application for Title X funds.

This Temporary Restraining Order shall expire on Nov 16, 2018, at 9:00 _.m., unless extended by the parties and the Court.

Plaintiff shall not be required to post bond.

[PROPOSED] TEMPORARY RESTRAINING
ORDER - 3
Cause No. 2:18-cv-01627
90002 00109 hk08ec53kv

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750

IT IS SO ORDERED.

DATED 11/8/18

Honorable John C. Coughenour
United States District Court Judge

Presented by:

PACIFICA LAW GROUP LLP

By: *s/ Gregory J. Wong*
Gregory J. Wong, WSBA #39329
Claire E. McNamara, WSBA #50097
1191 2nd Avenue, Suite 2000
Seattle, WA 98101
206-245-1700
greg.wong@pacificalawgroup.com
claire.mcnamara@pacificalawgroup.com

PLANNED PARENTHOOD
FEDERATION OF AMERICA

Richard Muniz *(Admitted Pro Hac Vice)*
Carrie Y. Flaxman *(Admitted Pro Hac Vice)*
1110 Vermont Avenue, Suite 300
Washington, DC 20005
202-973-4800
richard.muniz@ppfa.org
carrie.flaxman@ppfa.org

REPRODUCTIVE RIGHTS &
JUSTICE PROJECT

Priscilla J. Smith *(Admitted Pro Hac Vice)*
Yale Law School
319 Sterling Place
Brooklyn, NY 11238
priscilla.smith@ylsclinics.org

*Attorneys for Plaintiff*

[PROPOSED] TEMPORARY RESTRAINING
ORDER - 4
Cause No. 2:18-cv-01627
90002 00109 hk08ec53kv

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245.1700
FACSIMILE: (206) 245.1750